UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DEBORAH BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15 CV 53 JMB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 20) Plaintiff filed the motion after this Court reversed the Commissioner's denial of her application for disability benefits. In the motion, Plaintiff seeks $4,415.63 worth of attorney's fees, representing 23.55 hours of work at $187.55 per hour. Defendant has filed a Response to Plaintiff's motion, in which she represents that she "does not object" to Plaintiff's requested fees but requests that any award be made payable in accordance with Astrue v. Ratliff, 560 U.S. 578 (2010). (ECF No. 21) Upon review of the motion and the Commissioner's response, the Court will grant Plaintiff's motion.

Under the EAJA, in civil actions brought by or against the United States, a court shall award attorney's fees to a prevailing party (other than the United States) unless the position of the United States was substantially justified. See 28 U.S.C. § 2412(d)(1). In Social Security cases, a sentence four remand of the Commissioner's denial of benefits confers prevailing party status. See Shalala v. Shaefer, 509 U.S. 292, 302 (1993), and the failure of the Commissioner to follow Eighth Circuit precedent is grounds for holding that the position of the United States was not substantially justified. See Ross v. Sullivan, 982 F.2d 1226, 1229 (8th Cir. 1983).

In this case, the Court entered judgment in favor of Plaintiff on August 19, 2016, reversing the decision of the Commissioner, and remanding the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (See ECF No. 19) Therefore, Plaintiff is the prevailing party in this matter. Additionally, in its order remanding this case, this Court said that remand was warranted because of errors committed by the ALJ. (ECF No. 18) Therefore the Court finds (and Defendant does not contest) that the position of the United States was not "substantially justified," as required to preclude an award of fees under the EAJA.

As part of her motion, Plaintiff has submitted a detailed accounting of the time spent on this case, and the reasons for the fees incurred. Defendant agrees that Plaintiff is entitled to $4,415.63 in fees.

After an independent review of the fee application, the Court agrees with both Plaintiff and Defendant, and finds that the number of hours worked, the hourly rate, and the agreed-upon total fee payable in this case are all reasonable, in accordance with the EAJA. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (ECF No. 20) is granted in the amount of $4,415.63.

**IT IS FURTHER ORDERED** that said award shall be made payable to The Law Offices of Daniel A. Parmele, P.C., pursuant to the Affidavit and Assignment of EAJA executed by Plaintiff in this case (see ECF No. 20-3) unless Plaintiff has a pre-existing debt owed to the United States, in which case the award shall be made payable to Plaintiff and shall be subject to offset to satisfy such debt.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of November, 2016